WILLIAM B. NICKELSON, Appellant, v. GEORGE A. WILSON, and JOHN L. BAKER, as Assignee in Bankruptcy of said Wilson, Respondents.

*Contract — when void as against public policy.*

APPEAL from a judgment dismissing plaintiff's complaint, in an action brought for the specific performance of a contract, claimed by defendant to be void, as being against public policy. In 1868, the plaintiff owned a patent for a cheese box, which he sold to the defendant Wilson and one Scott, for $12,000, each agreeing to pay one-half of said price. Wilson claiming that plaintiff and Scott conspired together to cheat and defraud him, by representing that the price of said patent was $12,000, when in truth and fact it was worth but $6,000, procured them to be indicted for the fraud, and brought an action against said plaintiff and Scott, to recover the

amount of said notes, upon the ground, as it was claimed, that said notes had been transferred to *bona fide* holders.

Scott filed a petition in bankruptcy against said Wilson, to have him declared a bankrupt, and his property transferred to an assignee.

The counsel for said Wilson doubting whether Scott could be convicted, or the civil action maintained, without the testimony of the plaintiff, a negotiation was entered into between the counsel for said plaintiff in these actions, and the counsel for said Wilson, which resulted in an agreement, of which the following is the abstract or outline, viz. :

1. Nickelson will testify to all he knows in bankrupt case, in civil case, and in the criminal case.

2. If there be no recovery against Scott in the civil action, there shall be none against N.

3. The civil case going to judgment shall not be enforced against N. for more than $1,000, and this sum may be paid in one of Wilson's notes for that sum.

4. Nickelson shall be given the control for his benefit, of judgment against Scott, for whatever sum he has to account for to Wilson.

N. testifying fully as above, the counsel will recommend a *nol. pros.* against N.

The court found, as matter of law, that the agreement made between the attorney of the plaintiff and of the defendant Wilson, was against public policy and void, and ordered judgment dismissing plaintiff's complaint, with costs, and from that judgment the plaintiff appealed to the General Term, where the court held, that " there was a very powerful inducement presented to Wilson to soften down his evidence against plaintiff, if not to altogether suppress it, and a contract which induces such conduct on the part of a prosecutor in a criminal proceeding, is unlawful and void."

*C. D. Adams*, for the appellant.

*Watson M. Rogers*, for the respondents.

Opinion by MULLIN, P. J.

Judgment affirmed, with costs.